UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY, )
an individual, )
 )   CASE NO.: 2:25-cv-801
       Plaintiff, )
vs. )
 )
LEE EQUITY GROUP 4, LLC, )
a Florida Limited Liability Company, )
 )
       Defendant. )
_____)

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel, hereby files this Complaint and sues LEE EQUITY GROUP 4, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4. Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

6. Defendant, LEE EQUITY GROUP 4, LLC, (hereinafter referred to as "Defendant"), is a Florida Limited Liability Company. As such, Defendant is the owner/operator of the real property and improvements which are the subject of this action, to wit: Trail Winds Plaza, generally located at 12001-12011 S Cleveland Ave, Fort Myers, FL 33907 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Middle District of Florida, in Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, a shopping plaza with numerous shoppes and restaurants, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future because he like the mix of stores and restaurants located there. The Property is located about eight (8) miles from Plaintiff's residence which takes approximately fifteen to twenty (15-20) minutes to reach by car. Plaintiff most recently visited the Property in early September, 2025.

11. During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property for its mix of stores and restaurants and convenient location but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered his access:

    A.    Plaintiff personally encountered four (4) inaccessible parking spaces designated for disabled use near the entrances to All Uniform Wear and One Price Dry Cleaners due to a failure to provide marked access aisles adjacent to the spaces for safe loading and unloading. Additionally, the intended ADA parking spaces located on the southwest side of the property have severely faded paint lines which do not fully dissuade able bodied persons from parking in them. Due to these conditions, Plaintiff has difficulty parking and transferring into and out of his vehicle and is at risk of other cars parking in the adjacent spaces which would normally be protected by marked access aisles.

    B.    Plaintiff personally encountered two (2) inaccessible curb ramps leading from the ADA parking spaces to the Property sidewalk near All Uniform Wear, One Price Dry Cleaners and Bingo due to disrepair, excessive running slopes, steep side flare slopes and cross slopes. These conditions were

a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

      C.     Plaintiff personally encountered an inaccessible route between the 12001 and 12011 buildings. Specifically, the curb ramp on the 12011 side of the route near Metro by T-Mobile contains excessive running slopes and steep side flare slopes. Additionally, the nearest curb ramp at the 12001 building is not along the shortest accessible route, and is too steep. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver between the two buildings and forced him to maneuver into the lane of traffic and behind parked vehicles to traverse the buildings.

15.    To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Independent of his intent to return as a patron for its mix of stores and restaurants and due to its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A.    That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B.    That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards

      persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.    That this Court awards such other and further relief as it deems necessary, just and proper.

Date: September 5, 2025.

                                       Respectfully Submitted,

                                       KU & MUSSMAN, P.A.
                                       18501 Pines Blvd, Suite 362
                                       Pembroke Pines, Florida 33029
                                       Tel: (305) 891-1322
                                       Fax: (954) 686-3976
                                       Louis@kumussman.com

                                       By: */s/ Louis I. Mussman*
                                       Louis I. Mussman, Esq. (Lead Counsel)
                                       (FL Bar # 597155)
                                       Brian T. Ku, Esq.
                                       (FL Bar #: 610461)